## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REGGIE L. McCOY,** | : | |
| **Petitioner** | : | **Cv. No. 1:08-CV-00807 (JR)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL BUREAU OF PRISONS** | : | |
| **M. CHAVIS,** | : | |
| **Respondent** | : | |

### UNITED STATES' MOTION TO TRANSFER DEFENDANT'S PETITION FOR WRIT OF MANDAMUS DIRECTING THE BUREAU OF PRISONS' TO RECOMPUTE CALCULATION OF HIS SENTENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer defendant's pro se motion to correct the Bureau of Prisons' allegedly improper calculation of his sentence, which should be construed as a petition for a writ of habeas corpus, to the United States District Court for the Middle District of Florida. In support of this motion, the United States submits the following:

### ARGUMENT

On May 2, 2008, the defendant filed in the U.S. District Court for the District of Columbia a motion to correct the Bureau of Prisons' allegedly improper calculation of his sentence. In his motion, the defendant challenges the Bureau of Prisons failure to correct his "sentencing computation release date," Def. Mot. at 3, following a correction of his criminal history score in October 2007. In essence, the defendant is requesting that the Bureau of Prisons re-calculate his release date, taking into consideration his amended criminal history score.

-1-

Because this claim relates solely to the execution of the defendant's sentence and necessarily affects the duration of his confinement, this claim must be raised through a petition for a writ of habeas corpus. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 (D.C. Cir. 1988) (en banc) (habeas corpus is the exclusive remedy for a federal prisoner challenging his parole eligibility date); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir 2000) (habeas is the exclusive remedy for a federal prisoner bringing any claim that would have a 'probabilistic impact' upon the duration of his custody); Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (same); In Re Peltier, 2004 WL 3019530, *1 (D.C. Cir. Dec. 30, 2004) (same); Forrester v. U.S. Parole Comm'n., 310 F .Supp. 2d 162, 168-170 (D.D.C. 2004) (same); see also Alston v. United States, 590 A.2d 511, 514 (D.C. 1991) (challenge to execution of sentence must be raised in petition for a writ of habeas corpus); United States v. Mares, 868 F.2d 151, 151-52 (5th Cir. 1989) (per curiam) (challenge as to sentence calculation must proceed under habeas provision); United States v. Kennedy, 851 F.2d 689, 690 (3rd Cir 1988) (challenge to execution of federal sentence properly challenged under habeas provision).[1]

Nevertheless, the defendant's claim cannot be brought in the District of Columbia, because the Court lacks personal jurisdiction. Since the defendant is presently confined in the Middle District of Florida and is not incarcerated in the District of Columbia, the defendant's

---

[1]Wilkinson v. Dotson, 125 S.Ct. 1242 (2005), does not dictate a different result. In that case, the Supreme Court held that state prisoners may challenge the constitutionality of parole procedures under 42 U.S.C. § 1983, and need not resort to habeas, where the challenge would not "necessarily demonstrate the invalidity of confinement or its duration." Id. at 1248. Here, by contrast, the defendant's challenge to the calculation of his sentence and release date, if successful, would necessarily shorten the duration of his confinement. Therefore, habeas is the exclusive remedy for the defendant's claims. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (habeas is exclusive remedy for state prisoner challenging deprivation of good time credits).

habeas petition cannot be considered by this Court, because this Court lacks personal jurisdiction over the "person having custody of the person detained," as required by 28 U.S.C. § 2243.  See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 125 S.Ct. 448 (2004); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner"); Chatman-Bey, 864 F.2d at 810 ("It is also well settled that the appropriate respondent in a habeas action is the custodian of the prisoner").

Accordingly, this Court should transfer the defendant's motion to the U.S. District Court for the Middle District of Florida, after giving the defendant notice of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey, 864 F.2d at 814 (prior to transfer, the court should provide a habeas petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").[2]

---

[2]  Even should this court consider the merits of defendant's claim, the government submits that his claim would fail.  In support, undersigned counsel attaches Declarations of Cheryl A. Pauley of the Federal Bureau of Prison's (BOP) Designation and Sentence Computation Center; Caixa Santos of the Federal Correctional Complex in Coleman, Florida; and Linda Hawkins, the BOP Case Management Coordinator for the United States Penitentiary-2

## CONCLUSION

Wherefore, for the above stated reasons, the defendant's motion should be transferred to the Middle District of Florida, after giving the defendant notice of the proposed transfer and an opportunity to respond.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

____/s/_____
JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division

____/s/_____
KACIE M. WESTON
Assistant United States Attorney
Special Proceedings Division
MD Bar
Kacie.weston@usdoj.gov
555 4th Street, N.W., Room 10-448
Washington, D.C. 20530
(202) 514-7178

---

at the Federal Correctional Complex in Coleman, Florida.  The declarations of these individuals in conjunction with supporting documentation establish that the defendant's sentence and security classification  have been accurately computed and that he is therefore not entitled to the relief he seeks.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the instant motion has been electronically filed with the Court and served by mail, upon the defendant, Reggie McCoy, Fed. Reg. No. 11732-018, FCC USP Coleman 2, P.O. Box 1034, Coleman FL, 33521, this 17rd day of July, 2008.

_____/s/_____
Kacie M. Weston
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REGGIE McCOY,                          :
          Petitioner          :          **Cv. No. 1:08-CV-00807(JR)**
                           :
                           :
    v.                                    :
                           :
**FEDERAL BUREAU OF PRISONS**          :
**M. CHAVIS,**                         :
          Respondent          :

## ORDER

       Upon consideration of the United States' Motion To Transfer Defendant's Petition For Writ of Mandamus Directing the Bureau of Prisons to Recompute Calculation of His Sentence, and it appearing to the Court that the defendant's motion should be transferred to the United States District Court for the Middle District of Florida, it is this_____day of _____, 2008, hereby

       **ORDERED** that the defendant may reply to the government's motion to transfer no later than _____. If the defendant does not respond within that time, the Court will treat the matter as conceded, and transfer the defendant's motion to the United States District Court for the Middle District of Florida, the district in which the defendant is incarcerated.

                                  _____
                                  James Robertson
                                  United States District Judge

Copies to:

Reggie McCoy
Fed. Reg. No. 11732-018
FCC USP Coleman 2
P.O. Box 1034
Coleman, Fl. 33521

Kacie Weston
Assistant U.S.Attorney
Special Proceedings Division
kacie.weston@usdoj.gov
555 4th Street, N.W., Room 10-448
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGGIE L. McCOY,

               Plaintiff,

    v.                           Civil Action No. 1:08-cv-00807-JR

FEDERAL BUREAU OF PRISONS,

               Defendant.

---

### DECLARATION OF CHERYL A. PAULEY

I, Cheryl A. Pauley, hereby declare and state the following in accordance with the provisions of

Section 1746 of Title 28, United Sates Code under penalty of perjury:

1.     I am currently employed by the Federal Bureau of Prisons ("Bureau" or "BOP"), and am assigned to the Bureau's Designation and Sentence Computation Center in Grand Prairie, Texas. My official title is Policy and Correspondence Specialist. I have worked for the Bureau since 1980, and have worked in the area of inmate sentence computations since 1984. I have been employed as a Policy and Correspondence Specialist at the Designations and Sentence Computation Center since June of 2006.

2.     As a Policy and Correspondence Specialist, I have access to documents and electronic data maintained by the Bureau in the course of its regularly conducted activities, as well as records made by other state and federal agencies. These records are made at or near the time of the occurrence of the matters set forth and are made by, or from information transmitted by, a person with knowledge of those matters. In examining inmate McCoy's federal sentence computation, I have reviewed records relevant to the imposition and administration of his sentence.

3.     Reginald McCoy, federal register number 11732-018, is a federal prisoner currently confined in the United States Penitentiary-2 at the Federal Correctional Complex in Coleman, FL.

4.     Inmate McCoy was charged in a two-count superseding indictment filed in the Middle District of Florida, charging him with violations of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Possess with Intent to Distribute a Quantity of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base, and Possession with Intent to Distribute a Quantity of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base.

5.    On June 1, 1990, inmate McCoy was arrested by DEA Task Force Agents. Bail was denied and he remained in custody pending trial.

6.    On Marcy 15, 1991, a jury found inmate McCoy guilty on both counts charged in the superceding indictment.

7.    On July 1, 1991, inmate McCoy was sentenced in the United States District Court for the Middle District of Florida to two concurrent terms of life imprisonment, one for each count of which he was convicted.

8.    In accordance with Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984),* and pursuant to 18 U.S.C. §3585(a), the Bureau prepared a sentence computation for inmate McCoy, commencing the federal sentence on July 1, 1991 (the date of imposition).

9.    Pursuant to 18 U.S.C. § 3585(b), prior custody credit was awarded from the date of inmate McCoy's arrest on June 1, 1990, through June 30, 1991, the day prior to the imposition and commencement of his sentence.

10.    Based on the District Court's imposition of life sentences, inmate McCoy does not have a projected release date. Bureau records properly reflect that the projected date for satisfaction of his sentence is "Life."

11.    To the extent inmate McCoy asserts that any erroneous records in his Bureau file (regarding his custody classification or otherwise) would, if corrected, entitle him to a shorter term of imprisonment or to immediate release, he is mistaken. Pursuant to the judgment of the District Court, inmate McCoy is serving a life sentence. The Bureau does not have the authority to modify or reduce the sentence imposed by the court.


    I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.


Executed on this _26th_ day of June, 2008.

Cheryl A. Pauley
Policy and Correspondence Specialist
Designation and Sentence Computation Center
Grand Prairie, Texas

1

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

3    REGGIE L. McCOY,

4                              Plaintiff,

5                  v.                              Case No. 1:08-cv-00807-JR

6    FEDERAL BUREAU OF PRISONS,

7                              Defendant.

8    **DECLARATION AND CERTIFICATION OF RECORDS BY CAIXA SANTOS**

9        I, Caixa M. Santos, hereby declare and state the following in accordance with the

10   provisions of Section 1746 of Title 28, United Sates Code under penalty of perjury:

11   1.   I am currently employed by the United States Government, Federal Bureau of Prisons, as a
12        Paralegal Specialist at the Federal Correctional Complex in Coleman, Florida.

13   2.   As part of my duties, I have access to documents and electronic data created and/or
14        maintained by the Federal Bureau of Prisons ("Bureau"). These records are made at or near
          the time of the occurrence of the matters set forth by, or from information transmitted by, a
          person with knowledge of the relevant matters.

15   3.   The Federal Bureau of Prisons makes available a three level administrative remedy process
16        should informal resolution procedures fail to achieve sufficient results. The first level of
          administrative remedy process review is begun by filing a Request for Administrative
17        Remedy at the institution where the inmate is incarcerated. Should the inmate's complaint
          be denied at the institution level, the inmate may appeal by filing a Regional Administrative
18        Remedy Appeal with the Regional Office for the geographic region in which the inmate's
          institution of confinement is located. For an inmate at FCC Coleman, this appeal would be
19        filed with the Southeast Regional Office of the BOP in Atlanta, Georgia. If the Regional
          Office denies relief, the inmate can appeal to the Office of General Counsel via a Central
20        Office Administrative Remedy Appeal. This is the third and final step of the process.

21   4.   A review of the administrative remedy records reveals inmate Reggie McCoy, Federal
22        Register No. 11732-018, filed an administrative claims at all levels regarding classification
          matters (specifically, administrative remedy number 319502, titled "Other classification
23        matters."). The complete contents of these records were not available to the declarant;
          however, I note that this remedy request was denied at the final level of appeal on June 17,
          2004, over three years prior to the filing of this action.

24

25   5.   More recently, on March 11, 2008, the Bureau receipted at the institution level administrative
          remedy number 484017-F2, requesting the Bureau file a motion on inmate McCoy's behalf

1    seeking modification of his sentence due to allegedly inaccurate information contained in his
2    Presentence Investigation Report. On May 13, 2008, inmate McCoy raised this remedy at
     the regional level as well. However, he has failed to raise this administrative remedy at the
3    third (national) level, a necessary prerequisite to proper exhaustion of remedies related to his
     incarceration.

4    6.    The issue raised by inmate McCoy in the complaint before the Court has been raised by him
           numerous times in the past. In response to inmate McCoy's previous complaints on this
5          issue, the Bureau of Prisons has contacted the United States Probation Office, which has
           confirmed the accuracy of the Presentence Investigation Report and the Judgment and
6          Conviction relevant to inmate McCoy's present incarceration, and specifically noted that the
           offenses of conviction as charged were accurate and that inmate McCoy's sentence was
7          properly enhanced as a result of prior drug convictions.

8    7.    On February 29, 2008, inmate McCoy attempted to bring a request for record correction or
           expungement pursuant to the Freedom of Information Act. However, that request was
9          denied as the issues raised were not deemed to be the proper subject of a FOIA request. He
           has not properly exhausted any FOIA remedies regarding records maintained by the Federal
10         Bureau of Prisons.

11   8.    I certify that the attached records are true and accurate copies of records maintained by the
           Federal Bureau of Prisons in the course of its regularly conducted activity and made by the
12         regularly conducted activity as a regular practice: SENTRY Printout Public Information
           Inmate Data Sheet; SENTRY Printout Administrative Remedy Generalized Retrieval; and
13         Correspondence from the United States Probation Office, Middle District of Florida (June
           17, 2002), with attachments.
14

15         I declare under penalty of perjury that the foregoing is true and correct to the best of my

16   knowledge and belief.

17         Executed on this 26 day of June, 2008.

18

19                                     Caixa M. Santos
                                       Paralegal Specialist
20                                     Federal Correctional Complex
                                       Coleman, Florida

21

22

23

24

25                                         2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGGIE L. McCOY,

                    Plaintiff,

          v.                                          Civil Action No. 1:08-cv-00807-JR

FEDERAL BUREAU OF PRISONS,

                    Defendant.

_____

## DECLARATION OF LINDA HAWKINS

I, Linda Hawkins, hereby declare and state the following in accordance with the provisions of

Section 1746 of Title 28, United Sates Code under penalty of perjury:

1.    I am currently employed by the Federal Bureau of Prisons ("Bureau" or "BOP") as Case Management Coordinator for the United States Penitentiary-2 at the Federal Correctional Complex in Coleman, Florida.

2.    As a Case Management Coordinator, I have access to documents and electronic data maintained by the Bureau in the course of its regularly conducted activities, as well as records made by other agencies. These records are made at or near the time of the occurrence of the matters set forth and are made by, or from information transmitted by, a person with knowledge of those matters. In examining inmate McCoy's custody classification, I have reviewed records relevant to the imposition and administration of his sentence as well as relevant Bureau records.

3.    Reginald McCoy, federal register number 11732-018, is a federal prisoner currently confined in the United States Penitentiary-2 at the Federal Correctional Complex in Coleman, Florida.

4.    Inmate McCoy's custody level is properly determined to be "MAX," and he is properly designated at a "HIGH" security facility.

5.    Inmate McCoy's custody level and security designation are computed pursuant to formulas established in Bureau of Prisons Program Statement 5100.08, *Inmate Security Designation and Custody Classification.*

6.    During those computations, all factors which are relevant to inmate McCoy's custody level scoring (including his criminal history) are reviewed for accuracy. This computation was most recently done on June 26, 2008, and all such factors were

accurately input.

6.   Although inmate McCoy complains that his criminal history score is wrong, and that such an error negatively affects his security designation, he is mistaken on both counts. His criminal history is taken from the Presentence Investigation Report ("PSR") which was prepared by the United States Probation Office for purposes of sentencing. He had the opportunity to correct any errors in the PSR at that time. Contrary to inmate McCoy's assertions, he has not provided the Bureau with evidence that the PSR is erroneous, or any materials that would warrant making an alteration to his criminal history score.

7.   Regardless, even were there an error in inmate McCoy's criminal history score, any change to that score would not result in a change in inmate McCoy's security level, because he is subject to a life term of imprisonment. Pursuant to PS 5100.08, inmates with non-parolable life sentences or sentences of death are designated to high-security facilities because of the nature of their sentence, regardless of their custody scoring.

8.   I certify that the attached records are true and accurate copies of records maintained by the Federal Bureau of Prisons in the course of its regularly conducted activity and made by the regularly conducted activity as a regular practice: SENTRY Printout Male Custody Classification Form for inmate Reginald L. McCoy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Executed on this 26th day of June, 2008.

Linda Hawkins
Case Management Coordinator
United States Penitentiary-2, FCC Coleman
Coleman, Florida

```
██████████        *        PUBLIC INFORMATION        *      06-26-2008
PAGE 001           *           INMATE DATA            *      13:06:57
                              AS OF 06-26-2008
REGNO..: 11732-018 NAME: MCCOY, REGINALD L

                   RESP OF: CLP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 352-689-7000    FAX: 352-689-7012
                                      RACE/SEX...: BLACK / MALE
                                      AGE: 38
PROJ REL MT: LIFE                     PAR ELIG DT: N/A
PROJ REL DT: LIFE                     PAR HEAR DT:
--------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL   ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
CLP   A-DES      DESIGNATED, AT ASSIGNED FACIL 08-02-2007 1046 CURRENT
B14   RELEASE    RELEASED FROM IN-TRANSIT FACL 08-02-2007 1046 08-02-2007 1046
B14   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-02-2007 0423 08-02-2007 1046
ATL   HLD REMOVE HOLDOVER REMOVED              08-02-2007 0423 08-02-2007 0423
ATL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 07-30-2007 1713 08-02-2007 0423
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-30-2007 1713 07-30-2007 1713
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-30-2007 0630 07-30-2007 1713
ALP   TRANSFER   TRANSFER                      07-30-2007 0630 07-30-2007 0630
ALP   A-DES      DESIGNATED, AT ASSIGNED FACIL 07-18-2006 0636 07-30-2007 0630
B01   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-18-2006 0636 07-18-2006 0636
B01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-18-2006 0556 07-18-2006 0636
LEW   HLD REMOVE HOLDOVER REMOVED              07-18-2006 0556 07-18-2006 0556
LEW   A-HLD      HOLDOVER, TEMPORARILY HOUSED  07-17-2006 1802 07-18-2006 0556
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-17-2006 1802 07-17-2006 1802
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-17-2006 0900 07-17-2006 1802
OKL   HLD REMOVE HOLDOVER REMOVED              07-17-2006 0800 07-17-2006 0800
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  07-10-2006 0940 07-17-2006 0800
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-10-2006 1040 07-10-2006 1040
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-10-2006 0900 07-10-2006 1040
OKL   HLD REMOVE HOLDOVER REMOVED              07-10-2006 0800 07-10-2006 0800
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 06-29-2006 1745 07-10-2006 0800
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-29-2006 1845 06-29-2006 1845
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-29-2006 1101 06-29-2006 1845
VIP   TRANSFER   TRANSFER                      06-29-2006 0801 06-29-2006 0801
VIP   A-DES      DESIGNATED, AT ASSIGNED FACIL 06-17-2005 1837 06-29-2006 0801
8-J   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-17-2005 2137 06-17-2005 2137
8-J   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-17-2005 2103 06-17-2005 2137
VVM   TRANSFER   TRANSFER                      06-17-2005 1803 06-17-2005 1803
VVM   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 02-28-2005 1351 06-17-2005 1803
VVM   ADM CHANGE RELEASE FOR ADMISSION CHANGE  02-28-2005 1347 02-28-2005 1351
VVM   A-HLD      HOLDOVER, TEMPORARILY HOUSED  02-02-2005 1545 02-28-2005 1347
7-P   RELEASE    RELEASED FROM IN-TRANSIT FACL 02-02-2005 1845 02-02-2005 1845
7-P   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-02-2005 1300 02-02-2005 1845
ATW   TRANS SEG  TRANSFER-SEGREGATION          02-02-2005 1000 06-17-2005 1836
ATW   A-DES      DESIGNATED, AT ASSIGNED FACIL 07-16-2004 1400 02-02-2005 1000
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-16-2004 1700 07-16-2004 1700

      ██████████       MORE PAGES TO FOLLOW . . .
```

```
█████████      *      PUBLIC INFORMATION      *    06-26-2008
PAGE 002         *         INMATE DATA         *    13:06:57
                      AS OF 06-26-2008
REGNO..: 11732-018 NAME: MCCOY, REGINALD L

                  RESP OF: CLP / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 352-689-7000   FAX: 352-689-7012
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-16-2004 0900 07-16-2004 1700
OKL   HLD REMOVE HOLDOVER REMOVED               07-16-2004 0900 07-16-2004 0800
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  07-12-2004 0310 07-16-2004 0800
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL  07-12-2004 1621 07-12-2004 1621
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-12-2004 1104 07-12-2004 1621
POL   TRANSFER   TRANSFER                       07-12-2004 1004 07-12-2004 1004
POL   A-DES      DESIGNATED, AT ASSIGNED FACIL  02-12-2004 1458 07-12-2004 1004
4-B   RELEASE    RELEASED FROM IN-TRANSIT FACL  02-12-2004 1558 02-12-2004 1558
4-B   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-12-2004 1424 02-12-2004 1558
OAD   TRANSFER   TRANSFER                       02-12-2004 1324 02-12-2004 1324
OAD   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  11-10-2003 1725 02-12-2004 1324
S23   RELEASE    RELEASED FROM IN-TRANSIT FACL  11-10-2003 1825 11-10-2003 1825
S23   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-10-2003 1610 11-10-2003 1825
POL   TRANS SEG  TRANSFER-SEGREGATION           11-10-2003 1510 02-12-2004 1458
POL   A-DES      DESIGNATED, AT ASSIGNED FACIL  06-20-2003 1706 11-10-2003 1510
7-E   RELEASE    RELEASED FROM IN-TRANSIT FACL  06-20-2003 1806 06-20-2003 1806
7-E   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-20-2003 1151 06-20-2003 1806
HOU   TRANSFER   TRANSFER                       06-20-2003 1051 06-20-2003 1051
HOU   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  05-20-2003 1755 06-20-2003 1051
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-20-2003 1855 05-20-2003 1855
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-20-2003 1030 05-20-2003 1855
OKL   HLD REMOVE HOLDOVER REMOVED               05-20-2003 0930 05-20-2003 0930
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED   05-15-2003 1800 05-20-2003 0930
2-S   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-15-2003 1900 05-15-2003 1900
2-S   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-15-2003 0604 05-15-2003 1900
ENG   HLD REMOVE HOLDOVER REMOVED               05-15-2003 0404 05-15-2003 0404
ENG   A-HLD      HOLDOVER, TEMPORARILY HOUSED   05-02-2003 1750 05-15-2003 0404
2-S   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-02-2003 1950 05-02-2003 1950
2-S   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-21-2003 0909 05-02-2003 1950
ENG   HLD REMOVE HOLDOVER REMOVED               04-21-2003 0709 04-21-2003 0709
ENG   A-HLD      HOLDOVER, TEMPORARILY HOUSED   03-25-2003 1648 04-21-2003 0709
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL  03-25-2003 1848 03-25-2003 1848
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-25-2003 1025 03-25-2003 1848
OKL   HLD REMOVE HOLDOVER REMOVED               03-25-2003 0925 03-25-2003 0925
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED   03-18-2003 1440 03-25-2003 0925
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL  03-18-2003 1540 03-18-2003 1540
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-18-2003 0900 03-18-2003 1540
HOU   HLD REMOVE HOLDOVER REMOVED               03-18-2003 0800 03-18-2003 0800

█████         MORE PAGES TO FOLLOW . . .
```

```
██████████        *        PUBLIC INFORMATION        *        06-26-2008
PAGE 003          *              INMATE DATA          *        13:06:57
                             AS OF 06-26-2008
REGNO..: 11732-018 NAME: MCCOY, REGINALD L

                  RESP OF: CLP / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 352-689-7000    FAX: 352-689-7012
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: FLORIDA, MIDDLE DISTRICT
DOCKET NUMBER...................: 90-132-CR-T-17
JUDGE...........................: GAGLIARDI
DATE SENTENCED/PROBATION IMPOSED: 07-01-1991
DATE COMMITTED..................: 08-19-1991
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 381
OFF/CHG: 21:846;21:841(A)(1)(CTS 1&2);18:2 CONSP TO PWID 50G+ COCAINE
         BASE.POSS W/I TO DIST 50G+ COCAINE BASE.A&A

 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 TERM OF SUPERVISION............:    10 YEARS
 DATE OF OFFENSE................: 05-31-1990


███████        MORE PAGES TO FOLLOW . . .
```

```
████████         *        PUBLIC INFORMATION        *    06-26-2008
PAGE 004 OF 004 *           INMATE DATA              *    13:06:57
                         AS OF 06-26-2008
REGNO..: 11732-018 NAME: MCCOY, REGINALD L

                RESP OF: CLP / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 352-689-7000   FAX: 352-689-7012
------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-03-2005 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-04-2005 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-01-1991
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
EARLIEST DATE OF OFFENSE........: 05-31-1990

JAIL CREDIT.....................:      FROM DATE    THRU DATE
                                      06-01-1990    06-30-1991

TOTAL PRIOR CREDIT TIME.........: 395
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: LIFE


PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE

████████      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

```
███████        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    06-26-2008
PAGE 001 OF                                                      13:07:15
     FUNCTION: L-P SCOPE: REG  EQ 11732-018   OUTPUT FORMAT: SAN_____
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: ____ ____ ____ ____ ____ ____ _____ _____ _____ ____
EXTENDED: _ REMEDY LEVEL: _ _          RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____      ____      ____      ____      ____      ____
TRACK: DEPT: _____ _____ _____ _____ _____ _____
      PERSON: _____ _____ _____ _____ _____ _____
        TYPE: ___       ___       ___       ___       ___       ___
EVNT FACL: EQ ____      ____      ____      ____      ____      ____
RCV FACL.: EQ ____      ____      ____      ____      ____      ____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____      ____      ____      ____      ____      ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


███████      MORE PAGES TO FOLLOW . . .
```

```
███████          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     06-26-2008
PAGE 002 OF       *              SANITIZED FORMAT              *     13:07:15

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT-----------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS    STATUS-DATE

27741-F1     15BM/      DISCRIMINATION AGAINST NATION ISLAM/PUBLICATIONS.
             LEW        LEW         04-06-1992    CLD       04-06-1992

56593-R1     20DM/      APPEALS DHO FOR CHARGE OF MAKING SEXUAL REMARKS
             SER        MNA         11-12-1993    REJ       11-12-1993

132688-F1    10ZM/      SCORED FOR TRF TO FCI CM SAID LIFE SENTENCE ELIG USP
             THA        THA         04-23-1997    CLD       04-28-1997

132688-R1    10ZM/      WANTS TRANSFER TO MEDIUM SECURITY FACILITY
             MXR        THA         05-05-1997    CLD       05-29-1997

144744-R1    34AM/      INMATE ALLEGES INAPPROPRIATE STAFF CONDUCT
             MXR        THA         10-20-1997    REJ       10-21-1997

146376-R1    20CM/      INDECENT EXPOSURE,CODE 300,HEARING DATE-9/30/97   .
             MXR        THA         11-12-1997    CLD       01-16-1998

169326-F1    28BS/      PSYCH DEPT DENY TREATMENT FOR MATERBATION ADDICTION
             THA        THA         09-28-1998    CLD       10-05-1998

169330-F1    34AS/      CO CALLED HIM "NEEDLE DICK" & PRESIDENT CLINTON
             THA        THA         09-28-1998    CLO       09-30-1998

169357-F1    20BS/      REPORTING OFFICER LIED RE WHAT SHE SAW
             THA        THA         09-28-1998    REJ       09-28-1998

169810-F1    13BM/      ALLEGE PRIOR CONV NOT PROPER INFORM TO JUST MAX CUST
             THA        THA         10-02-1998    CLD       10-16-1998

169812-F1    13BM/      ALLEGE PRIOR CONV NOT PROPER INFORM TO JUST CUST/SEC
             THA        THA         10-02-1998    CLD       10-16-1998

170150-F1    21AS/      CC WITHHELD HIS STATEMENT AT UDC HEARING
             THA        THA         10-07-1998    CLO       10-26-1998

169326-R1    28BS/      PSYCH DEPT DENY TREATMENT FOR MASTERBATION ADDICTION
             MXR        THA         10-20-1998    CLD       10-27-1998

169812-R1    13BM/      ALLEGE PRIOR CONV NOT PROPER INFORM TO JUST CUST/SEC
             MXR        THA         11-05-1998    CLD       11-17-1998

170150-R1    20DS/      UDC APPEAL, 09-13-1998, CODE 205
             MXR        THA         11-10-1998    CLD       12-11-1998

169326-A1    28BS/      REQ. HOSPITALIZATION FOR PSYCHOLOGICAL PROBLEM
             BOP        THA         11-13-1998    CLD       01-07-1999

███████      MORE PAGES TO FOLLOW . . .
```

```
               *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    06-26-2008
PAGE 003 OF      *              SANITIZED FORMAT           *    13:07:15

REMEDY-ID    SUBJ1/SUBJ2 ---------------------ABSTRACT-----------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS     STATUS-DATE

173637-F1    34AS/      ALLEGED STAFF PROVIDING FALSE DOCUMENTS TO DHO
             THA        THA        11-24-1998      CLD       12-03-1998

173637-R1    34AS/      ALLEGED STAFF PROVIDING FALSE DOCUMENTS TO DHO
             MXR        THA        12-15-1998      CLD       01-21-1999

180296-R1    15BM/      CLAIMS STAFF IS HARASSING HIM BECAUSE OF RELIGION.
             WXR        LOM        02-22-1999      REJ       02-22-1999

200948-F1    13ZS/      ALLEGES DUE PROCESS VIOLATION RE: 2 HOUR WATCH CARD
             LOM        LOM        12-02-1999      REJ       12-02-1999

204144-F1    21AS/      INMATE WANTS I.R. EXPUNGED
             LOM        LOM        01-19-2000      REJ       01-19-2000

204683-F1    34AS/      VERBAL ABUSE/UNPROFESSIONAL BEHAVIOR
             LOM        LOM        01-25-2000      CLO       01-27-2000

204144-F2    20DS/      INMATE WANTS I.R. EXPUNGED
             LOM        LOM        02-01-2000      REJ       02-01-2000

204683-R1    34AS/      VERBAL ABUSE/UNPROFESSIONAL BEHAVIOR
             WXR        LOM        02-07-2000      CLO       03-03-2000

204144-R1    20DS/      INMATE WANTS I.R. EXPUNGED
             WXR        LOM        02-22-2000      REJ       02-22-2000

206595-F1    26BS/      INADEQUATE MEDICAL CARE FOR SKIN RASH
             LOM        LOM        02-24-2000      REJ       02-24-2000

207444-R1    20DM/      DHO HEARING 01-27-2000 CODE: 101&104 DEL. 2-29-2000
             WXR        LOM        03-02-2000      CLD       03-20-2000

204683-A1    34AS/      VERBAL ABUSE/UNPROFESSIONAL BEHAVIOR
             BOP        LOM        03-21-2000      REJ       03-21-2000

207444-A1    20DM/      DHO HEARING 01-27-2000 CODE: 101&104
             BOP        LOM        04-03-2000      CLD       06-01-2000

204683-A2    34AS/      VERBAL ABUSE/UNPROFESSIONAL BEHAVIOR
             BOP        LOM        04-04-2000      REJ       04-04-2000

204683-A3    34AS/      VERBAL ABUSE/UNPROFESSIONAL BEHAVIOR
             BOP        LOM        04-27-2000      CLO       06-22-2000

224182-F1    21AM/      WANTS TWO INCIDENT REPORTS EXPUNGED
             BMP        BMP        10-16-2000      REJ       10-16-2000

             MORE PAGES TO FOLLOW . . .
```

```
███████         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    06-26-2008
PAGE 004 OF      *              SANITIZED FORMAT              *    13:07:15

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT-----------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS     STATUS-DATE

224183-F1    21AM/      WANTS TWO INCIDENT REPORTS EXPUNGED
             BMP        BMP         10-16-2000    REJ        10-16-2000

224812-F1    21AM/      APPEAL OF INCIDENT REPORT
             BMP        BMP         10-24-2000    CLO        10-27-2000

224183-F2    21AM/      WANTS INCIDENT REPORT EXPUNGED
             BMP        BMP         10-24-2000    CLO        10-27-2000

225211-F1    33ZM/      SHOULD BE REIMBURSED FOR COPIES MADE FOR COURT
             BMP        BMP         10-31-2000    REJ        10-31-2000

224183-R1    21AM/      WANTS INCIDENT REPORT EXPUNGED
             SCR        BMP         11-01-2000    REJ        11-01-2000

226665-F1    21AM/      CLAIMS INCIDENT RPTS. ARE FALSE;WANTS EXPUNGED
             BMP        BMP         11-17-2000    REJ        11-17-2000

224183-A1    21AM/      WANTS INCIDENT REPORT EXPUNGED
             BOP        BMP         11-22-2000    REJ        11-22-2000

239818-F1    34AM/      CLAIMS COMPOUND OFFICER DISCRIMINATED AGAINST HIM
             BMP        BMP         05-15-2001    CLO        06-04-2001

241155-F1    12DM/      COMPLAINT REGARDING JOB ASSIGNMENT
             BMP        BMP         06-01-2001    REJ        06-01-2001

242589-F1    13BM/      CLASSIFICATION INCORRECT.
             BMP        BMP         06-20-2001    CLO        06-29-2001

243348-F1    34BM/      ALLEGES HARRASSMENT FROM WHITE OFFICERS
             BMP        BMP         07-02-2001    CLO        07-09-2001

244481-F1    31ZM/      SENTENCE INCORRECT; RQTS REVIEW AND REDUCTION.
             BMP        BMP         07-16-2001    CLO        07-27-2001

245097-F1    20DM/      RQTS INCIDENT REPORT BE EXPUNGED.
             BMP        BMP         07-20-2001    REJ        07-25-2001

247053-R1    31ZM/      SENTENCE IS INCORRECT/REQ. IMMEDIATE RELEASE
             SCR        BMP         08-09-2001    REJ        08-09-2001

244481-R1    31ZM/      SENTENCE INCORRECT; RQTS REVIEW AND REDUCTION.
             SCR        BMP         08-13-2001    CLD        09-14-2001

246903-F1    34ZM/      COMPLAINT AGAINST STAFF.
             BMP        BMP         08-16-2001    REJ        08-17-2001

███████         MORE PAGES TO FOLLOW . . .
```

```
██████████       *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    06-26-2008
PAGE 005 OF       *            SANITIZED FORMAT            *    13:07:15

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT----------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS    STATUS-DATE

246906-F1    34AM/34BM  UNPROFESSIONALMISCONDUCT/HARRASSMENT BY STAFF.
             BMP        BMP        08-16-2001     REJ       08-17-2001

247053-R2    31ZM/      SENTENCE IS INCORRECT/REQ. IMMEDIATE RELEASE
             SCR        BMP        09-06-2001     REJ       09-07-2001

242589-R1    13BM/      CLASSIFICATION INCORRECT.
             SCR        BMP        09-06-2001     REJ       09-06-2001

250095-R1    34ZM/      ALLEGES STAFF MISCONDUCT
             SCR        BMP        09-21-2001     REJ       09-21-2001

244481-A1    31ZM/      SENTENCE INCORRECT; RQTS REVIEW AND REDUCTION.
             BOP        BMP        10-09-2001     REJ       10-09-2001

257445-R1    20DM/      DHO HRNG 12/13/01 - CODES 307/312
             SCR        BMP        01-07-2002     CLD       02-08-2002

262919-R1    20BM/      DHO HRNG 2/14/02 - CODE 205
             SCR        BMP        03-13-2002     CLD       05-09-2002

257445-A1    20DM/      DHO HRNG 12/13/01 - CODES 307/312
             BOP        BMP        03-25-2002     CLD       05-02-2002

267947-R1    20AM/20CM  DHO HRNG 4/25/02 - CODE 206
             SCR        BMP        05-13-2002     CLD       06-25-2002

262919-A1    20BM/      DHO HRNG 2/14/02 - CODE 205
             BOP        BMP        05-30-2002     CLD       07-11-2002

273977-F1    21AM/32ZM  APPEALS INC. REPORTS FROM BEAUMONT, RECORDS CORRECTE
             POL        POL        07-29-2002     REJ       07-29-2002

273977-R1    21AM/32ZM  APPEALS INC. REPORTS FROM BEAUMONT, RECORDS CORRECTE
             SCR        POL        08-12-2002     REJ       08-12-2002

273977-F2    32AM/32ZM  APPEALS INC. REPORTS FROM BEAUMONT, RECORDS CORRECTE
             POL        POL        09-13-2002     CLD       09-26-2002

273977-R2    21AM/32ZM  APPEALS INC. REPORTS FROM BEAUMONT, RECORDS CORRECTE
             SCR        POL        10-28-2002     REJ       10-28-2002

273977-R3    32AM/32ZM  APPEALS INC. REPORTS FROM BEAUMONT, RECORDS CORRECTE
             SCR        POL        10-29-2002     CLD       11-27-2002

273977-A1    32AM/32ZM  APPEALS INC. REPORTS FROM BEAUMONT, RECORDS CORRECTE
             BOP        POL        12-16-2002     REJ       12-16-2002

██████████       MORE PAGES TO FOLLOW . . .
```

```
███████          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    06-26-2008
PAGE 006 OF       *              SANITIZED FORMAT              *    13:07:15

REMEDY-ID    SUBJ1/SUBJ2 ---------------------ABSTRACT-----------------------
             RCV-OFC     RCV-FACL    DATE-RCV      STATUS    STATUS-DATE

286824-F1    34AM/       STAFF ALLOWED ASSAULT, SHREDDING ADMIN REMEDIES
             POL         POL         01-02-2003    REJ       01-02-2003

273977-A2    32AM/32ZM   APPEALS INC. REPORTS FROM BEAUMONT, RECORDS CORRECTE
             BOP         POL         01-09-2003    CLD       02-26-2003

289836-F1    13ZS/       OTHER CLASSIFICATION MATTERS
             HOU         HOU         02-05-2003    CLD       02-20-2003

308050-R1    34ZM/       STAFF DID NOT RESPOND PROMPTLY DURING ASSAULT
             SCR         POL         07-23-2003    VOD       07-23-2003

286824-R1    34AM/       STAFF ALLOWED ASSAULT, SHREDDING ADMIN REMEDIES
             SCR         POL         07-23-2003    REJ       07-23-2003

319502-F1    13ZJ/       OTHER CLASSIFICATION MATTERS
             OAD         OAD         12-11-2003    CLD       01-12-2004

320242-F1    31FM/       ALLEGES CHARGES HAVE BEEN DISMISSED
             OAD         OAD         12-23-2003    CLD       01-12-2004

319502-R1    13ZJ/       OTHER CLASSIFICATION MATTERS
             SCR         OAD         01-20-2004    CLD       02-05-2004

326907-F1    31FM/13BM   SENTENCE ERRONEOUSLY COMPUTATED, CLASSIFCATION ERROR
             POL         POL         03-09-2004    CLO       03-17-2004

328322-F1    34AS/       SHU OFF OPENED WRONG CELL DOOR, BLACK/WHITE INMATES
             POL         POL         03-22-2004    REJ       03-22-2004

319502-A1    13ZJ/       OTHER CLASSIFICATION MATTERS
             BOP         POL         03-22-2004    REJ       03-22-2004

328322-F2    34AS/       SHU OFF OPENED WRONG CELL DOOR, BLACK/WHITE INMATES
             POL         POL         04-08-2004    CLD       04-21-2004

331290-R1    34AM/34BM   ALLEGES COERCED TO W/D BP-9
             SCR         POL         04-09-2004    REJ       04-09-2004

319502-A2    13ZJ/       OTHER CLASSIFICATION MATTERS
             BOP         POL         04-15-2004    CLO       06-17-2004

328322-R1    34AS/       SHU OFF OPENED WRONG CELL DOOR, BLACK/WHITE INMATES
             SCR         POL         06-21-2004    REJ       06-21-2004

352569-F1    34BM/       STAFF THREATENING SHU INMATES
             ATW         ATW         09-22-2004    CLO       09-30-2004

███████          MORE PAGES TO FOLLOW . . .
```

```
██████        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *   06-26-2008
PAGE 007 OF        *             SANITIZED FORMAT           *   13:07:15

  REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT-----------------------
               RCV-OFC     RCV-FACL    DATE-RCV       STATUS    STATUS-DATE

  359338-R1    20DM/       DHO HEARING 09-16-2004 CODE 205
               WXR         ATW         11-19-2004      CLO       12-03-2004

  359342-R1    20DM/       DHO HEARING 09-16-2004 CODE 205
               WXR         ATW         11-19-2004      CLO       12-02-2004

  359342-A1    20DM/       DHO HEARING 09-16-2004 CODE 205
               BOP         ATW         01-03-2005      CLD       03-10-2005

  364653-F1    16BM/       OBSTRUCTING CORRESPONDENCE WITH PROBABLE CAUSE
               ATW         ATW         01-19-2005      CLO       01-27-2005

  359338-A1    20DM/       DHO HEARING 09-16-2004 CODE 205
               BOP         ATW         01-25-2005      CLD       03-31-2005

  367747-F1    22AM/       QUESTIONING PLACEMENT IN SPECIAL HOUSING
               VVM         VVM         02-22-2005      CLD       03-14-2005

  369036-F1    20CM/       WOULD LIKE SANCTIONS EXPUNGED FROM DHO.
               VVM         VVM         03-07-2005      REJ       03-07-2005

  369040-F1    20CM/       WANTS SANCTIONS EXPUNGED AND REMOVED FROM FILE.
               VVM         VVM         03-07-2005      REJ       03-07-2005

  369052-F1    22CM/       CONDITIONS IN SPECIAL HOUSING.
               VVM         VVM         03-07-2005      CLD       03-21-2005

  369891-F1    10ZM/22AM   REQUESTS RELEASE TO GP OR TRANSFER TO ANOTHER INST
               VVM         VVM         03-11-2005      CLD       03-22-2005

  369839-F1    34AM/       CLAIMS STAFF TAMPERED WITH CRIMINAL INVESTIGATION
               VVM         VVM         03-14-2005      REJ       03-14-2005

  372703-R1    20DM/       DHO HEARING 12-17-2005 CODE 205
               WXR         VVM         03-30-2005      REJ       03-30-2005

  376867-F1    34AM/       CLAIMS STAFF MISCONDUCT
               VVM         VVM         05-20-2005      REJ       05-20-2005

  378722-R1    20DM/       DHO HEARING 05-03-2005 CODE 201
               WXR         VVM         06-07-2005      CLD       06-13-2005

  378726-R1    20DM/       DHO HEARING 05-03-2005 CODE 224
               WXR         VVM         06-07-2005      CLD       06-13-2005

  380164-A1    20ZM/       DHO APPEAL
               BOP         VIP         06-21-2005      REJ       06-22-2005

  ██████        MORE PAGES TO FOLLOW . . .
```

```
████████        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    06-26-2008
PAGE 008 OF 008 *             SANITIZED FORMAT              *    13:07:15

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT----------------------
             RCV-OFC    RCV-FACL    DATE-RCV      STATUS    STATUS-DATE

402746-F1    31DM/      REQUESTS ANOTHER SENTENCE COMPUTATION
             VIP        VIP         02-06-2006    CLD       02-16-2006

402746-R1    31DM/      REQUESTS ANOTHER SENTENCE COMPUTATION
             WXR        VIP         04-10-2006    REJ       04-10-2006

411152-R1    34ZM/      STAFF HARASSMENT/THREATING
             WXR        VIP         04-19-2006    CLO       05-19-2006

417420-R1    34ZM/      STAFF HARRASMENT BY OFFICER JUSTICE
             WXR        VIP         06-15-2006    CLO       07-10-2006

418170-R1    20DM/      DHO HEARING 02-01-06 CODE: 203
             WXR        VIP         06-26-2006    REJ       06-26-2006

419006-R1    13BM/      CUSTODY CLASSIFICATION
             WXR        OKL         06-30-2006    REJ       06-30-2006

429111-F1    13BM/      DISPUTES POINTS ON CUSTODY CLASSIFICATION FORM
             ALP        ALP         10-03-2006    CLD       10-12-2006

439345-F1    25ES/      CLAIMS CEO IS MISAPPROPRIATING I/M TRUST FUNDS.
             ALP        ALP         01-16-2007    CLO       01-17-2007

440061-A1    34AS/      UNPROFESSIONAL CONDUCT BY STAFF
             BOP        ALP         01-18-2007    REJ       01-23-2007

484017-F1    34ZM/      UNCLEAR WHAT THE INMATE IS REQUESTING.
             CLP        CLP         02-27-2008    REJ       02-27-2008

484017-F2    34ZM/      WANTS SENTENANCE MODIFICATION.
             CLP        CLP         03-11-2008    CLG       03-24-2008

484017-R1    34ZM/      WANTS SENTENANCE MODIFICATION.
             SER        CLP         04-11-2008    REJ       04-11-2008

484017-R2    13AM/      REQUESTS TO MODIFY CUSTODY POINTS
             SER        CLP         05-13-2008    CLD       06-04-2008

494867-F1    34ZM/      WANTS BOP TO RECALCULATE IS RELEASE DATE.
             CLP        CLP         05-27-2008    ACC       06-13-2008

             110 REMEDY SUBMISSION(S) SELECTED
████████     TRANSACTION SUCCESSFULLY COMPLETED
```

```
███   606.00 * MALE CUSTODY CLASSIFICATION FORM  06-26-2008
PAGE 001 OF 001                                            09:49:18
                        (A) IDENTIFYING DATA
REG NO..: 11732-018            FORM DATE: 06-26-2008      ORG: CLP
NAME....: MCCOY, REGINALD L
                                    MGTV: NONE
PUB SFTY: SENT LGTH                 MVED:
                        (B) BASE SCORING
DETAINER: (0) NONE             SEVERITY.......: (3) MODERATE
MOS REL.: 540                  CRIM HIST SCORE: (04) 4 POINTS
ESCAPES.: (0) NONE             VIOLENCE.......: (7) < 5 YRS SERIOUS
VOL SURR: (0) N/A              AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV: (2) NO VERFD HS/ NO GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                        (C) CUSTODY SCORING
TIME SERVED.....: (3) 0-25%    PROG PARTICIPAT: (0) POOR
LIVING SKILLS...: (0) POOR     TYPE DISCIP RPT: (0) GREATEST
FREQ DISCIP RPT.: (2) 1        FAMILY/COMMUN..: (4) GOOD


                    --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
+18  +9     +4       +22        HIGH          N/A             MAX     SAME

███        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### PROBATION OFFICE

**ELAINE TERENZI**
CHIEF PROBATION OFFICER

June 17, 2002

601 EAST POLK STREET, ROOM 900
TAMPA, FLORIDA 33602-3945

Ernest V. Chandler, Warden
Attn: Jennifer Holland, Case Manager
United States Penitentiary
P. O. Box 26035
Beaumont, Texas 77720-6035

RE: MCCOY, Reginald L.
Reg. No. 11732-018

Dear Warden Chandler:

This is in response to your letter regarding Reginald McCoy's request for correction of his presentence report and Judgment and Commitment order. I have reviewed both, and I can find no error in either. The judgment accurately reflects the offenses of conviction as charged in the superseding indictment. The defendant's sentence was properly enhanced under 21 U.S.C. 851 as a result of prior drug convictions. Although the defendant alleges that the convictions used to enhance his sentence were, "not convictions, but juvenile adjudications prosecuted by information not by indictment," our records reflect that the defendant was adjudicated guilty and sentenced in adult court for the prior convictions that were used to enhance his sentence.

Mr. McCoy has written our office and the local Court a number of times regarding similar issues. For your information, I am attaching a letter dated November 20, 1998, in response the defendant's assertion that his priors should not have been considered for purposes of enhanced penalties under 21 U.S.C. § 851 since the state did not charge the prior offenses by way of indictment. I am also enclosing a copy of the Middle District of Florida's court docket entries which reflect the number of times our Court has responded to the defendant's request to correct his sentence.

I do not know how the Probation Office can be of any further assistance regarding Mr. McCoy.

Sincerely,

Cheryl B. Roggensack
Supervising United States Probation Officer

Enclosures

RECEIVED

JUN 2 1 2002

Warden's Office
USP Beaumont, TX

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### PROBATION OFFICE

**ELAINE TERENZI**
CHIEF PROBATION OFFICER

501 EAST POLK STREET
ROOM 800
TAMPA 33602-3945

REPLY TO: Tampa

November 20, 1998

Mr. Reginald L. McCoy 11732-018
P.O. Box 33
Terre Haute, IN 47808

Re: Your Letters to USPO Lisa Lamb

Dear Mr. McCoy:

USPO Lisa Lamb has asked that I respond to your letters to her on the subject of the enhancement for prior convictions applied to your sentence in Middle District of Florida Case No. 90-132-Cr-T-17.

I believe your position is that under the authority of the case of the U.S. v Collado, prior convictions cannot be used to enhance sentencing exposure in convictions under Title 18 U.S.C. 841 unless the charges in the prior convictions were brought by way of indictment or if the defendant waived indictment. You correctly state that the convictions relied upon to enhance your sentencing exposure resulted from Direct Informations, and not from Indictments.

Unfortunately, this does not help you, for a number of reasons. First, Collado is a Second Circuit case and is not binding in the 11th Circuit, where you were sentenced. In any event, the case carries no strong authority, and a number of other Courts have either overruled it or declined to apply it in the 11th Circuit. It is important to note that in Florida, nearly all non-capital criminal cases proceed under Information and not under Indictment. This is probably not the case in the state where Collado's prior convictions occurred. Collado is a 1997 case, which you incorrectly cite as being found in the Federal Reporter Second Series (It is in the Third Series.), so it is difficult to see how you can believe USPO Lamb, or anyone else, "knowingly and willfully introduced invalid documents of previous convictions..." prior to your sentencing in 1991.

Mr. Reginald McCoy
Re: Your Letters to USPO Lamb
Date Nov. 20, 1998
Page 2

Your sentence was enhanced pursuant to an Information filed under 21 U.S.C. 851. This is filed by the Government, i.e. the prosecutor, not by the Probation Office. If you will look at the Information filed to enhance your sentence, you will note that it is signed by Assistant U.S. Attorney James C. Preston, Jr., not by anyone in the Probation Office. To repeat, the Probation Office had nothing to do with the filing of the 851 Enhancement in your case. I am returning the documents you sent for use in the event that you find another avenue to pursue.

Sincerely,

Richard M. Williams, Supervising
United States Probation Officer

Enclosures a/s





Federal Bureau of Prisons

*United States Penitentiary*

Warden's Office
P.O. Box 26035
Beaumont, Texas 77720-6035

March 14, 2002

Elaine Terenzi, CUSPO
Middle District of Florida
501 E. Polk Street, Suite 900
Tampa, Florida 33602-3945

RE: MCCOY, Reginald L.
    Reg. No. 11732-018
    Docket No.: 90-132-CR-T-17

Dear Mrs. Terenzi:

Inmate McCoy is incarcerated at the United States Penitentiary (USP), Beaumont, Texas. He was sentenced to Life for Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, Possession With Intent to Distribute 50 Grams or More of Cocaine Base, and Aiding and Abetting. His projected release date is unknown.

Inmate McCoy challenges the accuracy of the Judgment and Commitment Order and the Pre-Sentence Investigation Report. As a result of Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir 1992), staff must take reasonable steps to ensure the accuracy of challenged information in an inmate's central file.

Inmate McCoy alleges that his Judgment and Commitment Order and Pre-Sentence Investigation Report contain erroneous information and further alleges that this erroneous information has a negative impact upon the Bureau of Prisons' decisions regarding his classification as a High security level inmate and placement in a penitentiary. Inmate McCoy has provided an attachment of his allegation. Specifically, he states that his Judgment and Commitment Order and Pre-Sentence Investigation Report reflect he was convicted of Title 841 (b) (1)(A)(iii) and Title 851(a)(1)(d)(1). His claim is that the Grand Jury did not return an indictment on these two specific violations. He states that the reflection of these two violations established the enhancement penalty for the 2848.5 grams of cocaine base. A combination of the enhancement penalty, along with his two prior juvenile adjudications were utilized in imposing a Life sentence. Therefore, he contests this information, stating he would like the Judgment and Commitment Order and Pre-Sentence Investigation Report to reflect the appropriate charges. Please review inmate McCoy's allegation and provide us with an assessment as to the accuracy of his Judgment and Commitment Order and Pre-Sentence Investigation Report.

If you should have any questions, please do not hesitate to contact me at (409) 727-8188.

Sincerely,

Ernest V. Chandler
Warden

Approved by:
_____ Unit Mgr.    ____ CMC    ____ AW(P)    _____ Exec
____ Date          ___ Date    ___ Date       ___ Date